Thomas Lether, OSB # 101708
Eric J. Neal, OSB #110268
Westin McLean, OSB #094389
LETHER LAW GROUP
1848 Westlake Ave N,
Seattle, WA  98109
T: 206-467-5444
F: 206-467-5544
tlether@letherlaw.com
eneal@letherlaw.com
wmclean@letherlaw.com
*Attorneys for Plaintiff First Mercury
Insurance Company*

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF OREGON
### AT PORTLAND

| | |
|---|---|
| FIRST MERCURY INSURANCE COMPANY, a Delaware corporation; | Case No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| vs. | |
| HOFFMAN CONSTRUCTION COMPANY OF OREGON, an Oregon municipal corporation; and WEST PARK AVENUE, LLC, an Oregon limited liability company; | |
| Defendants. | |

## I.    INTRODUCTION

1.      This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. First Mercury Insurance Company (hereinafter "FMIC") seeks a determination that it has no duty to defend or indemnify Hoffman Construction Company of Oregon (hereinafter "Hoffman") under a surplus lines policy of insurance issued by FMIC with respect to the claims brought by West Park Avenue, LLC (hereinafter "West Park") against

COMPLAINT FOR DECLARATORY RELIEF- 1

Hoffman in the action described below.

## II.    PARTIES

2.    FMIC is a foreign surplus lines insurance company organized under the laws of the State of Delaware with its main administrative office in Morristown, New Jersey.

3.    West Park is an Oregon limited liability company. Upon information and belief, all members of West Park are residents and citizens of the State of Oregon.

4.    Hoffman is an Oregon corporation with its principal place of business in the State of Oregon.

## III.    JURISDICTION AND VENUE

5.    This Court has jurisdiction over this claim pursuant 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity amongst the parties is complete.

6.    Venue is proper with this Court pursuant to 28 U.S.C. § 1391 and local court rules as this case involves claims for insurance coverage stemming from an alleged loss occurring in Portland, Oregon and a lawsuit filed in Multnomah County, Oregon.

## IV.    FACTS

### A.    The Underlying Lawsuit

7.    FMIC reasserts paragraphs 1-6 as though fully set forth herein.

8.    This claim for insurance coverage arises out of a lawsuit filed by West Park against Hoffman on July 21, 2020 in the Multnomah County Circuit Court, Case No. 20CV25076 (the "Underlying Lawsuit").

9.    According to the Complaint, the Underlying Lawsuit arises out of construction of the Park Avenue West Tower located in downtown Portland, Oregon (the "Project").

COMPLAINT FOR DECLARATORY RELIEF- 2

10.     Park Avenue West Tower is a mixed-use building that includes 15 floors and 202 residential apartment units.

11.     Hoffman was the general contractor for the Project.

12.     The construction contract between West Park and Hoffman for the Project was executed in September 2008. However, the Project was delayed from April 2009 through October 2013.

13.     The Project was completed and the Park Avenue West Tower opened in February 2016.

14.     The Underlying Lawsuit centers around allegations that the HVAC units installed at the Project are defective. Specifically, West Park alleges that the Thermostatic Expansion Valves contained within the units are failing at an inordinately high rate. West Park estimates that 31% of units installed at Project have the alleged defects.

15.     West Park alleges that these defective valves will impact the useful life and efficiency of the HVAC units, and therefore must be repaired or replaced.

16.     West Park alleges that Hoffman allowed and approved the installation of the HVAC units with the defective valves at the Project.

17.     West Park further alleges that Hoffman assumed liability for the quality of the work and products it furnished, including the HVAC units, in the construction contract for the Project.

18.     West Park claims that Hoffman breached the contract and acted negligently by allowing the defective units to be installed at the Project.

19.     West Park also alleges that Hoffman and the HVAC unit manufacturers breached express and implied warranties regarding the quality and function of the allegedly defective

COMPLAINT FOR DECLARATORY RELIEF- 3

HVAC units.

20.    West Park asserts claims for breach of contract, negligence and breach of implied and express warranties against Hoffman based on its allegations in the Complaint.

21.    For all claims asserted, West Park seeks damages in an amount not to exceed $6,500,000 for the "cost to investigate, repair, and/or replace" the defective parts or the HVAC units at the Park Avenue West Tower.

**B.    The Policy Issued By FMIC**

22.    FMIC issued a project-specific commercial general liability policy, Policy No. FMPN000071, which was in effect from October 15, 2013 to October 15, 2016 (hereinafter referred to as the "Policy").

23.    West Park is the first named insured according to the Declarations of the Policy.

24.    Hoffman is also named insured under the Policy, pursuant to a Named Insured endorsement.  See Form SGL26 03 13, as modified by IL 12 01 11 85.

25.    The Policy only provides coverage for liability arising out of the Project or the ownership, maintenance or use of the Park Avenue West Tower, including operations necessary or incidental to that premises.

26.    The Policy provides liability coverage up to limits of $2,000,000 per occurrence and $2,000,000 general aggregate.

27.    The Policy contains the following Insuring Agreement:

**1.  Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages in excess of the Self-Insured Retention of this insurance because of "bodily injury" or "Property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages, except where this insurance

COMPLAINT FOR DECLARATORY RELIEF- 4

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

applies as Excess Coverage to "Underlying Insurance". In the event that this insurance applies as Excess Coverage to "Underlying insurance", we shall have the option, in our sole discretion, to join in the defense of any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance applies However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and
**(2)** Our right and duty to defend end when we have used up the limit of insurance in the payment of judgments or settlements.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**1.** The ""bodily injury'" or "property damage" is caused by an ""occurrence'" that takes        place in the "coverage territory";
**2.a** The "bodily injury'" or "property damage" occurs during the policy period; or
**2.b** The "bodily injury" or "property damage" occurs after the policy period but:

**i.** Within the statute of limitations and the statute of repose in the state in which the covered exposure is located, or
**ii.** Within 10 years of the "substantial completion" of the development, construction or improvement of real property on the project identified in the Schedule for the Limitation of Coverage To Designated Premises or Project endorsement, whichever is less;

**3.** Prior to the policy period, no insured listed under Paragraph **1. of SECTION II- WHO IS AN INSURED** and no "employee" authorized by you to

COMPLAINT FOR DECLARATORY RELIEF- 5

give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily Injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1**. of Section **II**-Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

  **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
  **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
  **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

CG 00 01 12 07, as modified by SGL4-2 11 11 and SGL19 08 13

28.   The Policy provides the following definitions which are relevant to the Insuring

Agreement:

  **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
  […]

  **17.** "Property damage" means:

COMPLAINT FOR DECLARATORY RELIEF- 6

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

    **a.**  physical injury to tangible property, including all resulting loss of use of  that property.  All such loss of use shall be deemed to occur at the time of    the    physical    injury    that caused it; or

    **b.**  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

    **a.**  An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    **b.**  Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

CG 00 01 12 07

29.    The Policy contains the following endorsement containing an exclusion of coverage:

### EXCLUSION- CROSS CLAIMS OR SUITS

[…]

It is agreed that the following exclusion is added to **SECTION I - COVERAGES** paragraph **2. Exclusions:**

**Named Insured vs**. **Named Insured**

This insurance does not apply to any claim or "suit" for damages because of "property damage", "personal or advertising injury" brought by any Named Insured against another Named Insured.

SGL 14 03 08

30.    The Policy also contains the following exclusions:

COMPLAINT FOR DECLARATORY RELIEF- 7

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

This insurance does not apply to:

[…]

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)** Liability to such a party for, or for the costs of, that party's defense has also been assumed in the same "insured contract"; and

**(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

[…]

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by your or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

COMPLAINT FOR DECLARATORY RELIEF- 8

CG 00 01 12 07

> "Property damage" caused by "your work" to any part of the Premises or Project designated in the endorsement entitled LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT before "your work" has been completed or abandoned as defined in the "Products-Completed Operations Hazard".

SGL 10 05 09

31.     The Policy contains the following provisions regarding application of the Self-

Insured Retention:

### CONTRACTORS SELF INSURED RETENTION
### (SIR LIMIT APPLIES TO "LOSS ADJUSTMENT
### EXPENSE" AND LIABILITY COMBINED)

[…]

The insurance provided by **COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and **COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY** and any other coverage provided by any endorsements included in this **COMMERCIAL GENERAL LIABILITY COVERAGE FORM** are subject to the following provisions:

**A.** The Limits of Insurance stated in the **COMMERCIAL GENERAL LIABILITY DECLARATIONS** applicable to **COVERAGE A - BODILY AND PROPERTY DAMAGE LIABILITY** and **COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY** and any other Limits of Insurance provided by any endorsements included in this **COMMERCIAL GENERAL LIABILITY COVERAGE FORM** apply only in excess of the insured's "Self-Insured Retention" as stated below. As respects Limits of Insurance and "Self-Insured Retentions" applicable to any other provisions or terms of the policy in the event of conflict with any provisions elsewhere in the policy.

>       "Self-Insured Retention"= <u>$50,000</u>
>       per occurrence- for all occurrences excluding any occurrence involving the ownership, operation or use of a crane.

COMPLAINT FOR DECLARATORY RELIEF- 9

"Self-Insured Retention"= $100,000
per occurrence- for any occurrence involving the
ownership, operation or use of a crane.

**B.  1.** In our sole discretion, we, and/or our authorized
representative acting on our behalf, have the right but not
the obligation to assume charge of the investigation,
defense and/or settlement of any claim or "suit" we deem
expedient. Upon request from us and/or our authorized
representative, the Insured shall promptly pay to our
authorized representative the portion of the "Self-Insured
Retention" that we, in our sole discretion, think is necessary
to complete the investigation, defense and/or settlement of
any claim or "suit" within 10 days of receipt of such
request. In the event that we and/or our representative
exercise our right to assume charge of the defense of any
claim or "suit", we have the right to select counsel to
defend such claim or "suit". The duty to defend provision
of the **COMMERCIAL GENERAL LIABILITY
COVERAGE FORM** will apply only in the event that the
"Self-Insured Retention" listed in Paragraph **A.** of this
endorsement is exhausted by actual payment by the Named
Insured according to the terms of this endorsement. Should
any claim or "suit" to which this policy applies be settled
for a total amount including "Loss Adjustment Expense",
not exceeding the "Self-Insured Retention", then no "Loss
Adjustment Expense" shall be payable by us.

**2.** In the event that the "Self-Insured Retention" is not
exhausted by actual payment according to the terms of this
endorsement and if we elect not to exercise our right to
assume charge of the defense of a claim or "suit" against an
Insured, the Named Insured has the obligation to provide
adequate defense and/or investigation of any claim or
"suit", and to accept any reasonable offer of settlement
within the "Self-Insured Retention". In the event of the
Named Insured's failure to comply with this provision, no
payment for damages or "Loss Adjustment Expense"
related to such claim or "suit" will be made by us.

**3.**  Our liability will not be increased by the refusal or
inability of the insured to pay the "Self-Insured Retention"
involving any claim or "suit", whether by reason of
insolvency, bankruptcy or for any other reason.

COMPLAINT FOR DECLARATORY RELIEF- 10

**4.** The "Self-Insured Retention" will be reduced by any documented "Loss Adjustment Expense" incurred by the insured in attempting settlement of any claim or "suit" only after prompt written notice to us or our authorized representative as required by this insurance. The "Self-Insured Retention" shall not be satisfied by payment by the insured of any "Self-Insured Retention" or Deductible of any other policy or payments made on behalf of the insured by any other insurer, person or entity. The "Self-Insured Retention" shall not be satisfied by any insurance coverage whatsoever. In the event that "bodily injury", "property damage", and/or "personal and advertising injury" covered by this policy is also covered by any other insurance, even if such other insurance is provided by us, the insured must satisfy the "Self-Insured Retention" by actual payment in accordance with the terms and conditions of this endorsement. The "Self-Insured Retention" shall not be satisfied by payments made by or on behalf of the insured to repair, replace or restore inadequate, faulty or defective work performed by or on behalf of the insured, without our or our representative's written consent. If the insured retains counsel to protect its interests during the pendency of our investigation, payments by the insured for "Loss Adjustment Expense" incurred after the date of tender and up to the time that we associate or substitute counsel on behalf of the insured shall be credited toward payment of the "Self-Insured Retention". Expenses incurred and/or payments made by the insured before the date of tender to us shall not be considered as satisfaction of the "Self-Insured Retention". Under no circumstances, shall we be responsible for "Loss Adjustment Expense" incurred by the insured which is not reasonable and customary in the legal community in which the claim or "suit" arose.

The insured must satisfy the "Self-Insured Retention" by actual payment which can be paid by any Named Insured under the policy including:

**a.** any successor in interest to any Named Insured;

**b.** a bankruptcy trustee of any Named Insured, if the Named Insured is in bankruptcy; and/or

**c.** a receiver acting in place of any Named Insured, in accordance with the terms and conditions of this endorsement.

SGL3 0313

32. The Policy contains the following additional relevant definitions:

COMPLAINT FOR DECLARATORY RELIEF- 11

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    **b.** You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

**9.** "Insured contract" means:

[…].

    **f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

[…]

**16.** "Products-completed operations hazard":

    **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent an arising out of "your product" or "your work" except:

        **(1)** Products that are still in your physical possession; or
        **(2)** Work that has not yet meet "substantial completion", as defined within this [Policy]

    **b.** Does not include "bodily injury" or "property damage" arising out of:

        **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

**(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

**(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products completed operations are subject to the General Aggregate Limit.

[…]

**21.** "Your product":

**a.** Means:

**(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

**(a)** You;
**(b)** Others trading under your name; or
**(c)** A person or organization whose business or assets you have acquired; and

**(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
**(2)** The providing of or failure to provide warnings or instructions.

**22.** "Your work":

**a.** Means:

**(1)** Work or operations performed by you or on your behalf; and
**(2)** Materials, parts or equipment furnished in connection with such work or operations.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and
**(2)** The providing of or failure to provide warnings or

COMPLAINT FOR DECLARATORY RELIEF- 13

instructions.

**"Substantial Completion"**:

 **b.** The "substantial completion of the development construction or improvement of the real property on the project identified in the Schedule for the Limitation of Coverage to Designated Premises or Project endorsement shall mean one of the following dates, whichever occurs first:

  **1.** The date of final inspection by the applicable public agency;

  **2.** The date the valid notice of completion was recorded;

  **3.** The date of use or occupation of the improvement; or

  **4.** One year after termination or cessation of work on the improvement.

CG 00 01 12 07, as modified by SGL 19 08 13.

 33. FMIC reserves the right to assert any other policy language or policy coverage forms that may be potentially applicable to Hoffman's claims and the claims asserted in the Underlying Action.

**D.** **Tender To FMIC**

 34. Hoffman tendered a claim for defense and coverage to FMIC after the Underlying Lawsuit was filed.

 35. FMIC evaluated its coverage obligations based upon the allegations set forth in West Park's Complaint.

 36. FMIC determined that, based upon the allegations of the Complaint, it had no obligation to defend or indemnify Hoffman in regard to the Underlying Lawsuit. FMIC set forth its coverage decision and the grounds therefore in a letter to Hoffman dated August 28, 2020.

 37. On September 22, 2020, Hoffman asked FMIC to reconsider its coverage

COMPLAINT FOR DECLARATORY RELIEF- 14

position.

38.     Again, FMIC evaluated the claims against Hoffman as set forth in West Park's Complaint.

39.     FMIC again determined that the allegations in the Complaint did not give rise to any defense or coverage obligations to Hoffman under the Policy.

## IV.    THERE IS AN ACTUAL AND JUSTICIABLE CONTROVERSY AS TO FMIC's COVERAGE OBLIGATIONS

40.     FMIC reasserts paragraphs 1-39 as though fully set forth herein.

41.     There is no coverage available to Hoffman for the claims asserted against it in the Underlying Lawsuit.

42.     The Policy provides that FMIC will pay damages which an insured becomes legally obligated to pay because of "bodily injury" or "property damage" caused by an "occurrence". "Property damage" is defined generally as "physical injury to tangible property or loss of use of tangible property that is not physically injured." "Occurrence is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

43.     There is an actual and justiciable controversy as to whether the Underlying Lawsuit alleges any liability for damages because of "property damage," as that term is defined by the Policy.

44.     There is an actual and justiciable controversy as to whether any "property damage" alleged in the Underlying Lawsuit was caused by an "occurrence," as that term is defined in the Policy.

45.     The Policy does not apply to any claim or "suit" for damages because of property damage or personal or advertising injury brought by any named insured against another named

COMPLAINT FOR DECLARATORY RELIEF- 15

insured. West Park and Hoffman are both named insureds under the Policy.

46.     There is an actual and justiciable controversy as to whether the Policy applies to provide any coverage for the Underlying Lawsuit because it is a lawsuit wherein West Park, a named insured, is alleging claims and seeking damages against Hoffman, another named insured.

47.     The Policy does not provide coverage for liability assumed under a contract that does not qualify as an "insured contract."

48.     There is an actual and justiciable controversy as to whether Hoffman is liable for the claims alleged in the Underlying Lawsuit based on liability it assumed under a contract that does not qualify as an "insured contract," as that term is defined by the Policy.

49.     The Policy does not provide coverage for "property damage" to property, which has not been physically injured, due to a defect in Hoffman's product or Hoffman's failure to perform a contract.

50.     There is an actual and justiciable controversy as to whether any "property damage" alleged in the Underlying Lawsuit was to property, which has not been physically injured, due to a defect in Hoffman's product or Hoffman's failure to perform a contract.

51.     The Policy does not provide coverage for "property damage" caused by Hoffman's work at the Project before its work has been completed or abandoned as defined in the "Products-Completed Operations Hazard".

52.     There is an actual and justiciable controversy as to whether any "property damage" alleged in the Underlying Lawsuit was caused by Hoffman's work at the Project before the Project was substantially completed, as defined by the Policy.

53.     The Policy contains several requirements regarding the application of the Self-Insured Retention that must be satisfied before FMIC is required to any defense or coverage

COMPLAINT FOR DECLARATORY RELIEF- 16

obligations in relation to a claim to which the Policy applies.

54.     There is an actual and justiciable controversy as to whether Hoffman has satisfied the Self-Insured Retention requirements set forth in the Policy.

55.     FMIC reserves the right to assert any other exclusions or grounds for which coverage for the claims against Hoffman may be excluded under the policy of insurance issued by FMIC.

## V.     FIRST CAUSE OF ACTION – DECLARATORY RELIEF
### (Against All Defendants)

56.     FMIC reasserts paragraphs 1-55 as though fully set forth herein.

57.     FMIC is entitled to Declaratory Judgment in its favor, specifically including a judicial determination as to its defense and coverage obligations to Hoffman, their agents, employees, or executive officers, under the policy of insurance issued by FMIC for the claims asserted against Hoffman in the Underlying Lawsuit.

## VI.     PRAYER FOR RELIEF

Plaintiff First Mercury Insurance Company, having alleged the foregoing, does now, hereby, pray for relief as follows:

1.     For a declaration that FMIC owes no defense obligation to Hoffman for any claims asserted in the Underlying Lawsuit.

2.     For a declaration that FMIC owes no indemnity obligation to Hoffman for any claims asserted in the Underlying Lawsuit.

3.     For all interest allowed by law.

4.     For attorney fees and costs allowed by statute and law.

5.     For other and further relief as the Court deems just and equitable.

COMPLAINT FOR DECLARATORY RELIEF- 17

DATED this 19th day of October, 2020.

                    LETHER LAW GROUP

                              */s/ Thomas Lether*
                              */s/ Eric J. Neal*
                              */s/ Westin McLean*
                              Thomas Lether, OSB # 101708
                              Eric J. Neal, OSB #110268
                              Westin McLean, OSB #094389
                              LETHER LAW GROUP
                              1848 Westlake Avenue N.
                              Seattle, WA 98109
                              Telephone: 206-467-5444
                              Facsimile: 206-4675544
                              tlether@letherlaw.com
                              eneal@letherlaw.com
                              wmclean@letherlaw.com
                              *Attorneys for Plaintiff*

COMPLAINT FOR DECLARATORY RELIEF- 18